IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EMMONIE BRANCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:12-0927 |
| v. | ) Chief Judge Haynes |
| | ) |
| DR. NONA LOGAN, L. KASTAN, | ) |
| CORRECT CARE SOLUTIONS, LLC, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff, Emmonie Branch, an inmate at the Correctional Justice Center in Nashville, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against Defendants: Dr. Nona Logan, Nurse L. Kastan, and Correct Care Solutions, LLC. Plaintiff asserts Eighth Amendment and Fourteenth Amendment claims that the Defendants denied or delayed medical treatment to the Plaintiff for his injured hand, bloody stools, and gunshot wound in his foot. (Docket Entry No. 1).

A frivolity hearing was held on December 3, 2012 to determine whether this action should proceed further. 28 U.S.C. § 1915A. The Court provided Plaintiff ten days from the date of that hearing to review the Defendant's brief in support of dismissal and related filing (Docket Entry No. 15), and file a response. Plaintiff filed a motion for extension of time to file a response (Docket Entry No. 16) that the Court granted (Docket Entry No. 19). On January 7, 2013, the Court issued an order giving the Plaintiff forty (40) days in which to file his response. Plaintiff's response was due Tuesday, February 19, 2013.

Plaintiff's complaint asserts, "CCS Correct Care Solutions, LLC employs customs and practices that were used by its employers/employees to cause Plaintiff physical and mental harm....Defendants policies, customs, and practices caused Plaintiff pain, suffering, mental and emotional distress." (Docket Entry No. 1, p. 6).

As to Defendant Correct Care Solutions, LLC, Plaintiff's claim is based on a theory of respondeat superior. To assert a valid § 1983 claim under the respondeat superior theory against a corporate entity, the Plaintiff must assert an injury resulting from the execution of an official policy or custom. Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978). Plaintiff must prove two basic elements of such a claim: "(1) that a constitutional violation occurred; and (2) that [CCS] is responsible for that violation" through its established policies or customs. Doe v. Claiborne Cty., 103 F.3d 495, 505-6 (6th. Cir. 1996). A claim of respondent superior requires a "'direct causal link' between the official action and the deprivation of rights, such that the 'deliberate conduct' of the governmental body is the 'moving force' behind the alleged injury." Waters v. City of Morristown, 242 F.3d 353, 362 (6th. Cir. 2001).

Plaintiff fails to identify in his complaint nor allege facts suggestive of a custom or policy that connects Correct Care Solutions to the harm suffered. Thus, the Court concludes Plaintiff's claims against Defendant Correct Care Solutions are **DISMISSED without prejudice**.

As to Defendant Nurse L. Kastan, Defendants state in their brief, "Plaintiff's allegations appear to stem solely from her denial of grievances filed by Plaintiff." (Docket Entry No. 15, p. 12). However, in Plaintiff's complaint, Plaintiff alleges, "Defendant L. Kastan also violated Plaintiff's rights...by being fully aware of malpractice (medical) and negligence. But failed to respond. Defendant L. Kastan's negligence and deliberate indifference caused Plaintiff pain and suffering, mental anguish and distress." (Docket Entry No. 1, p. 6). The Court concludes that Plaintiff's complaint includes a denial of medical treatment claim against Defendant Kastan.

Plaintiff's next complaint alleges that "Defendant Nona Logan knew of a serious medical need but failed to reasonable respond. Defendant Logan also participated in gross negligence and was deliberately indifferent by not attempting to examine my injury that led to continuous pain and strain." Id. Plaintiff's medical records correspond with the statement of facts in Plaintiff's complaint, namely, the delay of the x-ray of Plaintiff's hand from the time he was injured on June 11, 2012 to August 31,

2012 (Docket Entry No. 15, Exhibit E, Exhibit Q).

Additionally, Plaintiff health records reflect Plaintiff's report of blood in his stools on May 31, 2012. Id. at Exhibit C. By August 30, 2012, Plaintiff's medical records indicate that this issue was still unresolved. Id. at Exhibit P. Finally, the pain Plaintiff alleges about his foot, due to a prior gunshot wound, appeared to have "no specific cause," and "no swelling, bruising, or abnormality was noted." Id. at p. 3. Thus, the record indicates that Plaintiff asserts a potential claim as to denial of treatment of his hand and stools, but not as to his foot pain.

Defendant contends that Plaintiff's complaint asserts a claim for medical malpractice due to negligence. See Conley v. Life Care Centers of America, Inc., 236 S.W.3d 713, 730 (Tenn. Ct. App. 2007). Yet, Plaintiff's complaint alleges an Eighth Amendment violation for deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The Court concludes that Plaintiff states a potential claim as to Defendants Nona Logan and Nurse Kastan.

It is **ORDERED** that process be issued on the remaining Defendants, but Plaintiff's claims against the Defendant Correct Care Solution, Inc., are **DISMISSED with prejudice**.

It is so **ORDERED**.

ENTERED this the _18th_ day of ~~February~~ March, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court